UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY J. CHESROWN, a single individual,

Plaintiff,

v.

PROGRESSIVE DIRECT INSURANCE COMPANY, a foreign corporation,

Defendant.

No. 2:25-cv-01288-JHC

ORDER GRANTING PROGRESSIVE DIRECT INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND TO DISMISS

This insurance coverage matter comes before the Court on Progressive Direct Insurance Company's Motion for Summary Judgment and to Dismiss. Dkt. # 17. The motion is unopposed. For the reasons below, the Court GRANTS the motion and DISMISSES this matter with prejudice.

Failure to Prosecute

Defendant seeks dismissal on the ground that Plaintiff has failed to prosecute the case. Federal Rule of Civil Procedure 41(b) allows district courts to dismiss an action for failure to prosecute or to comply with rules or a court order. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962) (a district court's "power to [dismiss an action for failure

to prosecute] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the calendars of the district courts); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (explaining that "courts may dismiss under Rule 41(b) sua sponte" for a plaintiff's failure to prosecute or comply with the court's orders or the Federal Rules of Civil Procedure). Rule 41(b) requires a plaintiff to prosecute their case with "reasonable diligence" if a plaintiff is to avoid dismissal. *Moore v. Telfon Commc'ns Corp.*, 589 F.2d 959, 967 (9th Cir. 1978) (quoting *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). Because dismissal is a "harsh penalty," it should be "imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). This case presents such a circumstance.

Five factors guide a district court's discretion in dismissing a case under Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* Dismissal is proper "where at least four factors support dismissal ... or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citation and quotation marks omitted). Dismissal under Rule 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

The Court considers Plaintiff's failure to file papers in opposition to this portion of the motion "as an admission that [it] has merit." LCR 7(b)(2). Furthermore, Defendant's arguments strike the Court as meritorious. The first three factors outlined above strongly support dismissal. The docket reflects extremely limited activity by Plaintiff during over a year of litigation. And it is undisputed that Plaintiff failed to respond to discovery requests or

appear for his deposition. The Court notes that the public has an interest in expeditious resolution, and this Court is required to manage its docket, particularly in light of the significantly increased case load in the Western District of Washington that requires its attention. The risk of prejudice to Defendant as Plaintiff's failure to participate in discovery and prosecute his case has deprived Progressive Direct of access to evidence to support its defenses.

Summary Judgment

In the alternative, Defendant moves for summary judgment on all of Plaintiff's claims. Summary judgment is appropriate if the evidence viewed in the light most favorable to the nonmoving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The party moving for summary judgment bears the initial burden of showing that there is no genuine dispute as to any material fact and that they are entitled to prevail as a matter of law on all claims for which they seek summary judgment. *See id*. A fact is "material" if it "might affect the outcome of the suit[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a factual dispute is "genuine" if "there is sufficient evidence for a reasonable fact finder to find for the non-moving party." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001).

If the moving party meets its burden of production, the burden then shifts to the nonmoving party to identify specific facts from which a factfinder could reasonably find in its favor. *See Celotex*, 477 U.S.at 324; *see also Anderson*, 477 U.S. at 250. Although a court must draw all "justifiable inferences" in favor of the nonmoving party, the nonmoving party "cannot rest upon the mere allegations or denials of the adverse party's pleading but must

instead produce evidence that sets forth specific facts showing that there is a genuine issue for trial." *Est. of Tucker ex rel. Tucker v. Interscope Recs., Inc.*, 515 F.3d 1019, 1030 (9th Cir. 2008) (cleaned up and citations omitted). And if the nonmoving party bears the "ultimate burden of persuasion at trial," the party moving for summary judgment may prevail by "produc[ing] evidence negating an essential element of the nonmoving party's claim or defense" or by "show[ing] that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Defendant contends that there is no coverage under Progressive Direct Insurance Company Policy No. 955346476-00 (the "Policy"), for the alleged loss to the Chesrown's 2016 Ford Explorer due to Mr. Chesrown's intentional, material misrepresentations to Progressive in the claims process. Defendant makes assertions of fact in these regards in its moving papers. Plaintiff did not oppose the motion and failed to respond to these assertions of fact. And the undisputed facts show that summary judgment is appropriate as to all of Plaintiff's claims, as argued by Defendant. *See* Fed. R. Civ. P. 56(e)(3); Dkt. # 17 at 8-11. This serves as a separate and independent ground for dismissal.

## Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion and DISMISSES this matter with prejudice.

DATED this 28th day of August, 2026.

John H. Chun

JOHN H. CHUN
United States District Judge